FILED

May 13 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 08-0464

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 166N

STATE OF MONTANA,

       Plaintiff and Appellant,

v.

JERRY JEROME LITTLE,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-07-490
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg and Mardell
              Ployhar, Assistant Attorneys General, Helena, Montana

              Brant Light, Cascade County Attorney, Great Falls, Montana

       For Appellee:

              Jim Wheelis, Chief Appellate Defender; Joslyn Hunt, Assistant Appellate
              Defender, Helena, Montana

Submitted on Briefs:  May 6, 2009
Decided:  May 13, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant State of Montana (State) appeals the District Court's order dismissing a failure to register charge against Appellee Jerry Jerome Little (Little). We affirm.

¶3 The Fourth Judicial District Court, Missoula County, found Little, a youth of 16 years of age at the time of the proceeding, to be a delinquent youth, as defined by § 41-5-103, MCA. The Youth Court directed Little to complete a sex offender treatment program. The Youth Court further ordered that Little register as a sex offender pursuant to §§ 46-23-504 to 506, MCA.

¶4 The State placed Little in Pine Hills School for Boys pursuant to the Youth Court's order. The State released Little from Pine Hills on September 4, 2007, before he had completed the required sex offender treatment program. The State filed a petition on September 10, 2007, requesting that the Youth Court retain jurisdiction over Little after his eighteenth birthday because he had not yet completed the required sex offender treatment. The Youth Court determined that Little had violated the terms and conditions of his probation by failing to complete treatment and again found him to be a delinquent youth in an order issued October 19, 2007. The court ordered that Little be placed on formal

2

probation until he reached the age of 21. The court again required Little to register as a sex offender.

¶5 The State filed an information on October 31, 2007, in the Eighth Judicial District Court, Cascade County, charging Little with failure to register as a sex offender in violation of § 46-23-505(1), MCA. The information alleged that Little had failed to register with the sheriff's office in Cascade County after Little had moved to a new address within that county. Little filed a motion to dismiss on the grounds that the Cascade County District Court did not have jurisdiction over the prosecution for his alleged failure to register because § 41-5-1513(1)(c), MCA, provides that the Youth Court "shall retain jurisdiction and disposition under this subsection." The District Court agreed with Little that the Youth Court in Missoula County retains jurisdiction and granted his motion to dismiss. The State appeals.

¶6 The State argues on appeal that the felony failure to register charge brought under § 46-23-505, MCA, represents a felony crime separate from the Youth Court's disposition of Little's case. The State contends that the District Court possesses jurisdiction in all felony criminal cases under § 3-5-302(a), MCA. Little counters that the Youth Court retains jurisdiction over any claim of failure to register by Little.

¶7 We conduct de novo review of the District Court's ruling to dismiss Little's case for lack of jurisdiction as that ruling constitutes a question of law. *State v. Pyette*, 2007 MT 119, ¶ 11, 337 Mont. 265, 159 P.3d 232. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that

3

provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court correctly applied well settled Montana law to the facts of this case.

¶8      Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE